Cortlin H. Lannin (SBN 266488)
Raymond G. Lu (SBN 324709)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: clannin@cov.com
Email: rlu@cov.com

Megan L. Rodgers (SBN 310344)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA  94306
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800
Email: mrodgers@cov.com

*Attorneys for Defendant Philips North America LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TULIISA MILLER, ADRIANNA CORTEZ, and BRIAN MAGADAN, individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br>     v.<br><br>PHILIPS NORTH AMERICA LLC,<br><br>                          Defendant. | Civil Case No.: 3:24-cv-03781-RFL<br><br>**DEFENDANT PHILIPS NORTH AMERICA LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: November 5, 2024<br>Time: 10:00 a.m.<br>Location: Courtroom 15<br>Judge: Hon. Rita F. Lin |

Defendant Philips North America LLC ("Philips") hereby requests that the Court treat as incorporated by reference or take judicial notice of the documents attached as **Exhibits 1 through 11** to the Declaration of Cortlin H. Lannin in connection with Philips' concurrently filed Motion to Dismiss Plaintiffs' Complaint.

In deciding motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts may consider "materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider "documents incorporated by reference in the complaint, or matters of judicial notice . . . without converting the motion to dismiss into a motion for summary judgment"). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). For the reasons explained below, the documents attached to the Lannin Declaration are properly considered by the Court under the incorporation-by-reference doctrine or subject to judicial notice.

*First*, the academic articles cited in the Complaint are incorporated by reference. True and correct copies of the articles are attached as **Exhibits 1 through 5** to the Lannin Declaration.

Under the incorporation-by-reference doctrine, the Court may look beyond the pleadings to "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (citation omitted). This doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

The Complaint references and relies on these articles in support of Plaintiffs' allegations that plastic products leach microplastics when heated, and that exposure to these microplastics can harm the human body. *See* Compl. ¶¶ 18–31 & nn. 3–36. Plaintiffs make extensive reference to the purported findings of these studies. *See, e.g.* Compl. ¶ 25 (citing studies in alleging that Philips "omits a critical

and material fact—that the Products' bottles made of polypropylene 'release microplastics with values as high as 16,200,000 particles per litre' and that "sterilization and exposure to high-temperature water significantly increase microplastic release"). Accordingly, these articles are properly considered under the incorporation-by-reference doctrine. *Koller v. Monsanto Co.,* 2023 WL 8429796, at *6 n.7 (N.D. Cal. Dec. 4, 2023) (taking judicial notice of scientific study "as said document is expressly referenced in the FAC and plaintiffs rely on its contents"); *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1049 n.1 (N.D. Cal. 2015) (incorporating by reference scientific articles "specifically cited to and relied upon" by the Complaint and "necessary to the [named] Plaintiffs' claims regarding exposure and injury").

*Second*, this Court may take judicial notice of the pages on Philips' website disclosing that the Avent baby bottles, trainer cups, and sippy cups that are the subject of this case (collectively, the "Products") are made of polypropylene and other plastics. True and correct copies of those webpages are attached to the Lannin Declaration as **Exhibits 6 and 7**.

The webpages disclosing the composition of the Products are proper subjects of judicial notice because they are readily available and their contents are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). Courts routinely take judicial notice of websites and their contents. *See, e.g.*, *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (taking judicial notice of defendant's website); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (taking judicial notice of publicly accessible websites). Here, the webpages for the Products are publicly available, and their contents are not subject to reasonable dispute given that Plaintiffs rely on other pages on the same website to support their allegations. *See, e.g.*, Compl. ¶ 28 n. 32 (citing Philips webpage providing instructions for cleaning and sterilizing Avent baby bottles and nipples). Judicial notice is therefore appropriate. *See Hayden v. Bob's Red Mill Nat. Foods, Inc.*, 2024 WL 1643696, at *3 (N.D. Cal. Apr. 16, 2024) (taking judicial notice of product packaging images from defendants' website because "the images were sourced from a publicly available and verifiable website" and "their authenticity and accuracy cannot be reasonably questioned") (alterations omitted); *Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019) ("Accordingly, given Defendant's advertisements are on

publicly available websites and Plaintiff does not dispute their contents, the Court sua sponte takes judicial notice of the printouts from Defendant's website and its Amazon.com listing.").

*Third*, this Court may take judicial notice of a page from the Food and Drug Administration (FDA) website providing information on microplastics. A true and correct copy of the webpage is attached as **Exhibit 8** to the Lannin Declaration.

"It is appropriate to take judicial notice of [the] information . . . made publicly available by government entities" when "neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein." *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998–99 (9th Cir. 2010); *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) ("Documents published on government-run websites are proper for judicial notice given their reliability."). Because this document was published to a government website and its accuracy cannot reasonably be disputed, it is subject to judicial notice. *Eidmann*, 522 F. Supp. 3d at 642 (taking judicial notice of FDA webpages regarding regulatory approval process for drugs and ingredients in infant medicine); *Gustavson v. Mars, Inc.*, 2014 WL 2604774, at *3 n.1 (N.D. Cal. June 10, 2014) (taking judicial notice of FDA letters and press release "because these documents are readily available on a government agency website").

*Fourth*, this Court may take judicial notice of the existence of news reports that provided coverage of the academic studies cited in the Complaint. True and correct copies of these news reports are attached as **Exhibits 9 through 11** to the Lannin Declaration.

Philips does not seek judicial notice of the content of these news reports but rather of the fact they exist at all, because they demonstrate that information about microplastics was in the public domain prior to the filing of this action. It is appropriate to take judicial notice of these materials for that purpose. *See Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of newspaper articles, magazines, and books "as an indication of what information was in the public realm at the time"); *Scognamillo v. Credit Suisse First Bos. LLC*, 2005 WL 2045807, at *10 (N.D. Cal. Aug. 25, 2005), *aff'd sub nom. Scognamillo v. Credit Suisse First Bos.*,

254 F. App'x 669 (9th Cir. 2007) (taking judicial notice of news reports to resolve statute of limitations dispute).

For the foregoing reasons, this Court should treat as incorporated by reference or take judicial notice of the documents attached to the Declaration of Cortlin H. Lannin.

DATED:  September 3, 2024                                       Respectfully submitted,


By: */s/ Cortlin H. Lannin*
Cortlin H. Lannin (SBN 266488)
Raymond G. Lu (SBN 324709)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email:  clannin@cov.com
Email:  rlu@cov.com

Megan L. Rodgers (SBN 310344)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA  94306
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800
Email: mrodgers@cov.com

*Attorneys for Defendant Philips North America LLC*