**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
Alan Gudino (SBN 326738)
*agudino@clarksonlawfirm.com*
Samuel M. Gagnon (*pro hac vice*)
*sgagnon@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TULIISA MILLER, ADRIANNA CORTEZ, and BRIAN MAGADAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>PHILIPS NORTH AMERICA LLC,<br><br>    Defendant. | Case No. 3:24-cv-03781-RFL<br>Complaint Filed: June 25, 2024<br>FAC Filed: October 1, 2024<br><br>*Assigned to District Judge Rita F. Lin*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br><u>Hearing Information:</u><br>Date: January 14, 2025<br>Time: 1:30 p.m.<br>Location: Zoom |

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

# TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ...................................................................................................1

II.   FACTS ...................................................................................................................2

III.  LEGAL STANDARD.............................................................................................3

IV.   ARGUMENT ..........................................................................................................3

    A.   Defendant's Material Omission Impacts the Safety of its Baby Products ..................3

        1.   The Products Pose an Unreasonable Safety Hazard .......................................3

        2.   The Omission Defeats the Products' Central Function: Safe Infant Feeding ..6

    B.   Plaintiffs' Equitable Relief Claims Are Appropriate....................................11

    C.   Plaintiffs Have Standing to Seek Injunctive Relief ....................................12

    D.   Plaintiffs State a Claim under the UCL's Unlawful and Unfair Prongs ...................12

    E.   Plaintiffs State a Breach of Warranty Claim...............................................13

    F.   Plaintiffs State a Claim for Unjust Enrichment ..........................................14

    G.   Plaintiffs Have Standing to Pursue Unpurchased Products .......................15

V.    CONCLUSION......................................................................................................15

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

1

## TABLE OF AUTHORITIES

**Cases**                                                                                 **Page No.**

*Anderson v. Apple Inc.*,
  500 F. Supp. 3d 993 (N.D. Cal. 2020) ................................................................. 9

*Ang v. Bimbo Bakeries USA, Inc.*,
  2014 WL 1024182 (N.D. Cal. Mar. 13, 2014) ................................................... 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 3

*Astiana v. Hain Celestial Grp., Inc.*,
  783 F.3d 753 (9th Cir. 2015) ............................................................................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 570 (2007) ..................................................................................... 3

*Beyer v. Symantec Corp.*,
  333 F. Supp. 3d 966 (N.D. Cal. 2018) ................................................................. 3

*Bland v. Sequel Nat. Ltd.*,
  2019 WL 4674337 (N.D. Cal. Aug. 2, 2019) .................................................. 5, 7

*Branca v. Bai Brands, Ltd. Liab. Co.*,
  2019 WL 1082562 (S.D. Cal. Mar. 7, 2019) ..................................................... 12

*Brown v. Madison Reed, Inc.*,
  622 F. Supp. 3d 786 (N.D. Cal. 2022)
  *aff'd*, 2023 WL 8613496 (9th Cir. Dec. 13, 2023) ........................................... 11

*Burchfield v. Prestige Consumer Healthcare*,
  534 F. Supp. 3d 1192 (C.D. Cal. 2021) ......................................................... 6, 13

*Burr v. Sherwin Williams Co.*,
  42 Cal. 2d 682 (Cal. 1954) ................................................................................ 15

*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996) ................................................................................. 3

*Chavez v. Blue Sky Nat. Beverage Co.*,
  340 F. App'x 359 (9th Cir. 2009) ........................................................................ 4

*Clark v. Incomm. Fin. Servs., Inc.*,
  2023 WL 5167364 (C.D. Cal. July 17, 2023) ..................................................... 9

*Clemens v. DaimlerChrysler Corp.*,
  530 F.3d 852 (9th Cir. 2008) ............................................................................. 15

*Daniel v. Ford Motor Co.*,
  2016 WL 2899026 (E.D. Cal. May 18, 2016) ..................................................... 9

*Davidson v. Kimberly-Clark Corp.*,
  873 F.3d 1103 (9th Cir. 2017) ........................................................................... 12

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

*Eidmann v. Walgreen Co.*,
   522 F. Supp. 3d 634 (N.D. Cal. 2021) ...................................................................13

*Freeman v. Time, Inc.*,
   68 F.3d 285 (9th Cir. 1995) ...............................................................................13

*Gagetta v. Walmart, Inc.*,
   646 F. Supp. 3d 1164 (N.D. Cal. 2022) ...............................................................12

*Hammerling v. Google*,
   615 F. Supp. 3d 1069 (N.D. Cal. 2022) ..............................................................3, 13

*Hayden v. Bob's Red Mill Nat. Foods, Inc.*,
   2024 WL 1643696 (N.D. Cal. Apr. 16, 2024) ...............................................7, 10, 13

*Hendrick v. BSH Home Appliances Corp.*,
   2024 WL 2190984 (C.D. Cal. May 14, 2024) ...........................................................5

*Heredia v. Sunrise Senior Living LLC*,
   2021 WL 819159 (C.D. Cal. Feb. 10, 2021) ...........................................................11

*Hesse v. Godiva Chocolatier, Inc.*,
   463 F. Supp. 3d 453 (S.D.N.Y. 2020) ..................................................................14

*Hodsdon v. Mars, Inc.*,
   891 F.3d 857 (9th Cir. 2018) ...............................................................................7

*Holt v. Foodstate, Inc.*,
   2016 WL 4625550 (S.D. Cal. Sept. 6, 2016) .........................................................15

*In re Lindt Sprüngli (USA), Inc.*,
   2024 WL 4107244 (E.D.N.Y. Sep. 6, 2024) .....................................................4, 8, 9

*In re MyFord Touch Consumer Litig.*,
   46 F. Supp. 3d 936 (N.D. Cal. 2014) .....................................................................8

*In re Plum Baby Food Litig.*,
   2022 WL 16640802 (N.D. Cal. Jan. 12, 2022) ........................................................6

*In re Plum Baby Food Litig.*,
   2024 WL 1354447 (N.D. Cal. Mar. 28, 2024) .........................................................5

*In re Sony Gaming Networks*,
   996 F. Supp. 2d 942 (S.D. Cal. 2014) ..............................................................3, 13

*In re Toyota RAV4 Hybrid Fuel Tank Litig.*,
   534 F. Supp. 3d 1067 (N.D. Cal. 2021) ................................................................10

*In re Trader Joe's Co. Dark Chocolate Litig.*,
   2024 WL 1319725 (S.D. Cal. Mar. 27, 2024) .........................................................5

*Johnson v. Trumpet Behav. Health, LLC*,
   2022 WL 74163 (N.D. Cal. Jan. 7, 2022) .............................................................12

*Johnson-Jack v. Health-Ade LLC*,
   587 F. Supp. 3d 957 (N.D. Cal. 2022) ..................................................................14

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

*Kanfer v. Pharmacare United States, Inc.*,
　　142 F. Supp. 3d 1091 (S.D. Cal. 2015)................................................................14

*Kearns v. Ford Motor Co.*,
　　567 F.3d 1120 (9th Cir. 2009) .............................................................................3

*Kulp v. Munchkin, Inc.*,
　　678 F. Supp. 3d 1158 (C.D. Cal. 2023) ...........................................................8, 10

*Kumandan v. Google LLC*,
　　2022 WL 103551 (N.D. Cal. Jan. 11, 2022).........................................................9

*Lam v. Gen. Mills, Inc.*,
　　859 F. Supp. 2d 1097 (N.D. Cal. 2012)...............................................................11

*Lee v. City of Los Angeles*,
　　250 F.3d 668 (9th Cir. 2001) ...............................................................................5

*LiMandri v. Judkins*,
　　52 Cal. App. 4th 326 (1997) ................................................................................6

*Long Nguyen v. Lotus by Johnny Dung Inc.*,
　　2019 WL 1957962 (C.D. Cal. Jan. 7, 2019)..........................................................4

*Maketa v. Target Corp.*,
　　2024 WL 4311702 (N.D. Cal. Sept. 26, 2024) ......................................................8

*Martin v. Doctor's Best, Inc.*,
　　2023 WL 6370230 (C.D. Cal. Aug. 25, 2023).......................................................4

*Moore v. EO Prods., LLC*,
　　2023 WL 6391480 (N.D. Cal. Sept. 29, 2023) ....................................................14

*Morales v. Unilever U.S., Inc.*,
　　2014 WL 1389613 (E.D. Cal. Apr. 9, 2014) ........................................................15

*Morgan v. Apple Inc.*,
　　2018 WL 2234537 (N.D. Cal. May 16, 2018) ......................................................15

*Morongo Band of Mission Indians v. Rose*,
　　893 F.2d 1074 (9th Cir. 1990) ............................................................................15

*Morris v. Mott's LLP*,
　　2019 WL 948750 (C.D. Cal. 2019)......................................................................14

*Mui Ho v. Toyota Motor Corp.*,
　　931 F. Supp. 2d 987 (N.D. Cal. 2013).................................................................6, 7

*Nacarino v. Chobani, LLC*,
　　2022 WL 344966 (N.D. Cal. Feb. 4, 2022) .........................................................12

*Oddo v. United Techs. Corp.*,
　　2022 WL 577663 (C.D. Cal. Jan. 3, 2022)..........................................................8, 9

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

*Paperno v. Whirlpool, Inc.*,
  2024 WL 1091192 (N.D. Cal. Mar. 13, 2024)........................................................8

*Renn v. Otay Lakes Brewery, LLC*,
  2024 WL 331616 (S.D. Cal. Jan. 29, 2024)..........................................................12

*Rosales v. FitFlop USA, LLC*,
  882 F. Supp. 2d 1168 (S.D. Cal. 2014) ................................................................ 4

*Rose v. HP Inc.*,
  2020 WL 7714532 (N.D. Cal. Dec. 29, 2020) ..................................................... 9

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ............................................................... 14

*Shalikar v. Asahi Beer U.S.A., Inc.*,
  2017 WL 9362139 (C.D. Cal. Oct. 16, 2017) .....................................................13

*Shank v. Presidio Brands, Inc.*,
  2018 WL 510169 (N.D. Cal. Jan. 23, 2018) ....................................................... 15

*Sloan v. Gen. Motors LLC*,
  287 F. Supp. 3d 840 (N.D. Cal. 2018) .................................................................7

*Slowinski v. BlueTriton Brands, Inc.*,
  2024 WL 3757097 (N.D. Ill. Aug. 9, 2024) .........................................................7

*Smith v. Ford Motor Co.*,
  749 F. Supp. 2d 980 (N.D. Cal. 2010) .................................................................6

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ..............................................................................11

*Strumlauf v. Starbucks Corp.*,
  192 F. Supp. 3d 1025 (N.D. Cal. 2016)............................................................. 15

*Sue Shin v. Sanyo Foods Corp. of Am.*,
  2024 WL 4467603 (C.D. Cal. Aug. 13, 2024)................................................... 15

*Vasic v. Patent Health, LLC*,
  2014 WL 940323 (S.D. Cal. Mar. 10, 2014) ........................................................4

*Williams v. Gerber Prods.*,
  552 F.3d 934 (9th Cir. 2008) ...............................................................................3

*Williams v. Yamaha Motor Co.*,
  851 F.3d 1015 (9th Cir. 2017) .............................................................................4

*Zeiger v. WellPet LLC*,
  526 F. Supp. 3d 652 (N.D. Cal. 2021) ...............................................................11

**Statutes**

Fed. R. Civ. P. 12(b)(6).............................................................................................3, 5

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

-v-

**<u>Regulations</u>**

16 C.F.R. § 260.9(c)................................................................................................................10

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Although we cannot eliminate all risks to infants, caregivers reasonably trust and expect manufacturers to disclose known dangers. Defendant, a market leader in baby bottles, abuses this trust by actively concealing that its products leach harmful microplastics into baby food and drink during ordinary, directed use across multiple daily feedings. Defendant's response is to dismiss it as a 'so what' because, it says, microplastics are ubiquitous. But what matters at this stage is that parents care, as exemplified by allegations in Plaintiffs' first amended complaint. In response to this lawsuit, caregivers just like Plaintiffs are reasonably outraged and now making different purchase decisions. This is consistent with parents' top purchasing driver, as also alleged: to reduce the risk of harm to children.

Defendant's dismissive view also overlooks other key facts, including that babies who drink from bottles made of the plastic it uses ingest 2,600 times more microplastics daily from the bottle alone than adults do from water, food, and air combined. It is therefore no surprise parents would, and do, care about babies ingesting 2,600 times more of these toxic substances daily, even if they exist elsewhere. Harm reduction matters, as alleged and reinforced in Plaintiffs' first amended complaint by scientists studying microplastics and child development, who declared we "must exert the most significant effort to protect children from MPs [microplastics] exposure."

The scientific view that we need to protect children from microplastics also undermines Defendant's other primary view, that the harms are not yet clear enough to care. Regardless, on a motion to dismiss, it would be improper to weigh Defendant's cherry-picked statements from scientific studies against the severe harms about which those studies also warn. These include that, especially in early child development, microplastics produce a toxic effect on the digestive tract causing irreversible changes in the reproductive axis and central nervous system, affect the immune system, and may cause pulmonary disease. Moreover, exposure to even low doses of microplastics during early development—much less 2,600 times an adult's exposure to the harmful substance—can cause long-term and even lifelong ailments. The harm is clear, and parents care.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

Defendant also cannot escape the link between these harms and its products by demanding product-specific testing. Courts credit studies of harm where, as here, the item tested is meaningfully like the product at issue; in this case, baby bottles made of the same plastic Defendant uses, resulting in the same complained-of harms. The law on which Defendant relies is unpersuasive: it refers to the amount of a dangerous ingredient in a product, something that can vary from brand to brand, unlike this situation. The specific amount of microplastics leached also does not require further detail at the pleading stage, especially given the everyday and constant use as directed, the detailed harm from bioaccumulation, the high amounts leached in baby bottle studies that were sufficient for experts to sound the alarm, and all reasonable inferences from those properly alleged facts.

Defendant will have its day in court to present a defense based on any competing evidence. But right now, Plaintiffs' concerns are amply supported by facts, scientific studies, and inferences properly credited and consistent with consumer protection law, enabling them to operate as private attorney generals—caregivers who care to demand better than concealment and obfuscation from a manufacturer operating in an industry serving a uniquely vulnerable population and regarding a serious risk of harm about which it might not care, but parents do.

## II. FACTS

This case centers on Defendant's failure to disclose that its Philips Avent baby bottles and cups ("Products") release harmful microplastics during normal use, creating a direct ingestion pathway for infants during critical developmental stages, beyond general environmental exposure. ECF 30 ¶¶ 2-3, 5-6, 18-21, 25, 32-33, 41. Plaintiffs' first amended complaint ("FAC") cites studies showing microplastics disrupt gut microbiota, impair digestion, and harm immune system development, even at low levels, while increasing risks of chronic disease and developmental harm. *Id*. ¶¶ 18-22. Defendant, aware of these risks, (*id*. ¶ 50), designed the Products for heating and serving liquids for infants but concealed the dangers by failing to disclose them while also further obfuscating the risk by affirmatively advertising them as "BPA FREE," even though the material omission—leaching microplastics—poses the same health risks as BPA. *Id*. ¶¶ 28, 36. Parents, trusting in the Products' safety, unknowingly exposed their children to these harmful plastics. *Id*. ¶¶

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

2, 7. Had Defendant disclosed these risks, Plaintiffs and other consumers would not have paid a premium or would have likely avoided the Products entirely. *Id*. ¶¶ 13-15, 47(b).

## III.    LEGAL STANDARD

Under Rule 12(b)(6), courts must accept all allegations as true and view them favorably to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Dismissal is warranted only if no plausible claim exists. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Fraud claims must specify "the who, what, when, where, and how." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009).[1] Whether a practice is deceptive is a factual issue inappropriate for dismissal. *Williams v. Gerber Prods.*, 552 F.3d 934, 938-39 (9th Cir. 2008).

## IV.    ARGUMENT

### A.    Defendant's Material Omission Impacts the Safety of its Baby Products

Under California's UCL, FAL, and CLRA, an omission is actionable if it contradicts a defendant's representation or involves a fact the defendant had a duty to disclose. *In re Sony Gaming Networks*, 996 F. Supp. 2d 942, 991 (S.D. Cal. 2014). A duty to disclose arises when a defect poses an unreasonable safety hazard or is material to the product's function. *Hammerling v. Google*, 615 F. Supp. 3d 1069, 1085 (N.D. Cal. 2022); *Beyer v. Symantec Corp.*, 333 F. Supp. 3d 966, 978 (N.D. Cal. 2018). Defendant's failure to disclose microplastic risks constitutes a safety hazard, undermines the Products' function of safely delivering food to children, and contradicts the "BPA FREE" claim.

#### 1.    The Products Pose an Unreasonable Safety Hazard

Defendant misstates the pleading standard by contending that Plaintiffs must provide product-specific testing and quantify precise harmful exposure levels. ECF 34 at 7. Plaintiffs must simply establish a plausible connection between the defect and the alleged safety hazard—not prove

---

[1] Defendant references Rule 9(b) in its legal standard but fails to demonstrate how Plaintiffs' allegations fall short. Plaintiffs satisfy Rule 9(b)'s heightened standard, which requires claims to provide enough detail for defendants to understand and defend against the allegations. *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Plaintiffs specify their purchased Products, purchase locations, timing, and reliance on the misrepresentations. *See* ECF 30 ¶¶ 3, 5-8, 13-15, 17, 55. They also allege they would not have purchased—or paid less for—the Products had they known the risks. *Id*. Regardless, by failing to present any actual Rule 9(b) argument, Defendant waives any such challenge.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

exact harm levels through product-specific testing. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1028 (9th Cir. 2017) ("Where a plaintiff alleges a sufficiently close nexus between the claimed defect and the alleged safety issue, the injury risk need not have come to fruition.").

Plaintiffs have established this nexus for pleading purposes. The FAC cites scientific studies demonstrating that polypropylene—the material used in Defendant's Products—leaches microplastics when heated during ordinary use, which poses an unreasonable safety hazard to infants and children. ECF 30 ¶¶ 18-23; ¶ 25, n.20. Defendant misinterprets *Martin v. Doctor's Best, Inc.*, 2023 WL 6370230 (C.D. Cal. Aug. 25, 2023), as requiring product-specific studies, but *Martin* supports Plaintiffs by affirming that studies of comparable products can establish plausibility at the pleading stage, as Plaintiffs' studies do. Courts need not weigh competing scientific evidence on a motion to dismiss. *Chavez v. Blue Sky Nat. Beverage Co.*, 340 F. App'x 359, 360 (9th Cir. 2009). Studies of similar products or ingredients suffice at this stage. *Long Nguyen v. Lotus by Johnny Dung Inc.*, 2019 WL 1957962, at *6 (C.D. Cal. Jan. 7, 2019); *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1176 (S.D. Cal 2014) (finding studies of comparable products sufficient to state a plausible claim).

Defendant's claim that Plaintiffs must plead specific harmful thresholds also ignores the FAC and scientific consensus. Plaintiffs allege all microplastics are inherently harmful to children, disrupting developing systems even at low levels due to bioaccumulation and pronounced here with everyday product use as intended. ECF 30 ¶¶ 18-21, 25. For instance, one cited study demonstrates that microplastics disrupt gut microbiota, which are essential for digestion and immune system function, even at minimal exposure levels (*id.* ¶ 18 n.5), while another highlights the toxic effects of microplastics on the reproductive and nervous systems during prenatal and neonatal development (*id.* ¶ 18 n.6.) The cumulative effect of prolonged exposure during infant development amplifies these risks. *Id.* ¶ 25; *In re Lindt Sprüngli (USA), Inc.*, 2024 WL 4107244, at *8 (E.D.N.Y. Sep. 6, 2024) (denying dismissal based on allegations of bioaccumulation); *Vasic v. Patent Health, LLC*, 2014 WL 940323, at *4 (S.D. Cal. Mar. 10, 2014) (whether studies prove falsity is a fact question inappropriate for resolution on a motion to dismiss). Defendant's reliance on the FDA's statement that "current scientific evidence does not demonstrate that the levels of microplastics . . . in foods

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

pose a risk to human health" (ECF 34 at 9) is improper and unpersuasive. Defendant attempts to contradict the FAC's cited science by referencing a nonbinding FDA conclusion, which is impermissible on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (review is "limited to the complaint," and factual disputes are irrelevant under Rule 12(b)(6)). The FDA has not issued any rulemaking on this topic, allowing consumers to challenge labeling as fraudulent under state law. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 758 (9th Cir. 2015) (state claims not preempted where FDA issued no relevant regulations). Moreover, the FDA statement does not address the specific risks of microplastics to babies or their presence in baby bottles, which are the focus of this case. ECF 30 ¶¶ 19-22. The FDA on the cited webpage also noted that the presence of microplastics in food could indicate a risk and violate FDA regulations if "it creates a health concern." ECF 35-12. Nothing in the FDA's statement forecloses the finding of a safety hazard as other scientists have concluded with respect to baby bottles. Plaintiffs, through the findings of their cited studies, have thus "pleaded enough facts to make the plausible allegation" that microplastics pose a significant risk to the health of children. *Hendrick v. BSH Home Appliances Corp.*, 2024 WL 2190984, at *9 (C.D. Cal. May 14, 2024) (dismissing defendant's argument that plaintiffs' studies were "inconclusive as to a causal connection" between the products and harms).

Defendant relies on inapposite cases dismissing omission claims for failing to allege unreasonable safety hazards. Unlike in *In re Trader Joe's Co. Dark Chocolate Litig.*, 2024 WL 1319725, at *11 (S.D. Cal. Mar. 27, 2024), where plaintiffs failed to allege even general health risks thresholds for heavy metals, the FAC specifically alleges that exposure to even low doses of microplastics during early development risks long-term health complications, and that Defendant's heated polypropylene products can in a single feeding release *up to 160 times* the mean annual microplastic intake of an average *adult*. ECF 30 ¶¶ 18-27, 31. Similarly, *In re Plum Baby Food Litig.*, 2024 WL 1354447 (N.D. Cal. Mar. 28, 2024) is distinguishable as those plaintiffs laced authority linking heavy metals to safety risks, and the ruling addressed summary judgment. Moreover, *In re Plum*'s earlier ruling supports Plaintiffs' position by recognizing that safety risk determinations raise factual questions inappropriate for resolution on the pleadings. 2022 WL 16640802, at *2 (N.D. Cal. Jan. 12, 2022); *see also Bland v. Sequel Nat. Ltd.*, 2019 WL 4674337,

at *4 (N.D. Cal. Aug. 2, 2019) (health risk allegations from toxic substances raised factual issues unsuitable for dismissal).

Lastly, Defendant's argument that microplastic risks are minimized by their environmental ubiquity is flawed. Plaintiffs allege that harm reduction is a primary purchase driver for parents, supported by scientific consensus urging reduced exposure in children. ECF 30 ¶¶ 32, 46. While microplastics exist elsewhere, Defendant's Products uniquely release harmful particles directly into food and drink consumed by infants during critical developmental stages. *Id*. ¶¶ 18-19, 31 (infants using feeding bottles like the Products are exposed to *2,600 times* the daily microplastic intake of adults). Ubiquity does not absolve manufacturers of disclosing material risks, especially when their products directly contribute to harmful exposure. *See In re Plum Baby Food Litig.*, 2022 WL 16640802, at *2 (rejecting dismissal based on ubiquity of contaminants as a factual issue). Plaintiffs plausibly allege that the Products leach microplastics during ordinary use, posing serious risks.

### 2. *The Omission Defeats Products' Central Function: Safe Infant Feeding*

Under the central function theory, a duty to disclose arises when (1) the defect is central to the product's intended function, and (2) the omission is material. *Symantec*, 333 F. Supp. 3d at 978-79; *Burchfield v. Prestige Consumer Healthcare, Inc.*, 534 F. Supp. 3d 1192, 1202 (C.D. Cal. 2021). Additionally, Plaintiffs must show that Defendant had a duty to disclose the risks of its Products under any of the four "*LiMandri* factors": (1) a fiduciary relationship exists; (2) Defendant had exclusive knowledge of material facts unknown to Plaintiffs; (3) Defendant actively concealed a material fact; or (4) Defendant made partial representations while suppressing material facts. *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997); *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010). While Plaintiffs need only allege a single *LiMandri* factor, they allege three, together with materiality and the requisite central defect.

The Products' core function is to safely deliver food and drink to infants. ECF 30 ¶¶ 27, 34. Plaintiffs allege the Products fail this purpose because they leach harmful microplastics during ordinary use, making them unsafe and unfit for their intended purpose. *Id*. ¶¶ 18-20. This defect undermines the Products' central function. *See Mui Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d at 997 (duty to disclose where defective car headlights compromised the product's core function of

safe driving). Defendant's argument that microplastic leaching "does not affect central functionality" (ECF 34 at 16) is flawed and contradicted by *Mui Ho*, where the court rejected similar reasoning. Just as cars with non-working headlights make driving unsafe, feeding bottles and cups that pose serious risks to vulnerable infants undermine their core purpose of providing safe feeding.

Defendant's reliance on *Hayden* is also unpersuasive. There, plaintiff failed to allege that cadmium rendered the products unhealthy, leaving their central function as food intact. *Hayden v. Bob's Red Mill Nat. Foods, Inc.,* 2024 WL 1643696, at *8, 10 (N.D. Cal. Apr. 16, 2024). Here, Plaintiffs allege extensive evidence showing that Defendant's polypropylene bottles expose children to extreme microplastic risks, effectively rendering them unusable. ECF 30 ¶¶ 28-31. Similarly, Defendant's reliance on *Slowinski v. BlueTriton Brands, Inc.*, 2024 WL 3757097, at *14 (N.D. Ill. Aug. 9, 2024), is equally misplaced. Plaintiffs' allegations here do not concern whether all (or any other) microplastic-containing products are unsafe; instead, they allege that Defendant's Products expose babies and toddlers to astronomical microplastic levels during ordinary use, undermining their core function and making them unsafe for children specifically. ECF 30 ¶ 34.

Additionally, Defendant's counterarguments about the Products being safe for their intended purpose despite the alleged microplastic leaching raise factual disputes that are inappropriate for resolution at the motion to dismiss stage, and otherwise fail because they disregard Plaintiffs' well-pled allegations that the Products leach harmful microplastics during ordinary use, making them unsafe and unfit for safely delivering nourishment to infants. *See Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 867 (N.D. Cal. 2018) (whether defect renders product unfit for its intended use is a question of fact); *Bland*, 2019 WL 4674337, at *4 (plaintiff alleged high amounts of lead and cadmium in products to render them unfit for consumption). The omission is also material. Materiality is assessed based on whether a reasonable consumer would consider the omitted information important in deciding whether to purchase the product. *See Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018). Crucially, materiality is typically a factual issue that cannot be resolved at the pleading stage unless the omitted information is "obviously unimportant." *Symantec*, 333 F. Supp. 3d at 978. Plaintiffs allege that consumers reasonably expect products sold in the marketplace to meet minimal safety standards, particularly when those products are intended for

infants and children. ECF 30 ¶ 4. This expectation is grounded in the trust that manufacturers will disclose potential dangers associated with their products, especially those that are not readily apparent. *Id.* Plaintiffs further allege that parents and caregivers rely heavily on representations that feeding products are safe and free from harmful contaminants when making purchasing decisions, and that these products will not harm their vulnerable children. *Id.* ¶¶ 4, 35. Plaintiffs specifically allege that they would not have purchased the Products, or would have paid less, had they been informed of the risks associated with microplastics leaching during ordinary use. *Id.* ¶¶ 16, 27. These allegations are sufficient to establish materiality at this stage. *See* ECF 30 ¶ 46; *Oddo v. Arocaire Air Conditioning & Heating*, 2020 WL 5267917, at *28 (C.D. Cal. May 18, 2020) ("An omission is material if a reasonable consumer would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question."); *In re Lindt Sprungli (USA), Inc.*, 2024 WL 4107244, at *9 (finding that the lead content of dark chocolate is "important to consumers and likely to affect their choice of product, which renders the omission material.") (cleaned up); *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 961 (N.D. Cal. 2014) (same).

As the manufacturer, Defendant also had a duty to disclose the defect because it possessed superior and exclusive knowledge about the polypropylene in its Products and its propensity to leach harmful microplastics when heated. ECF 30 ¶¶ 3, 6, 18; *Kulp v. Munchkin, Inc.*, 678 F. Supp. 3d 1158, 1169 (C.D. Cal. 2023) ("exclusive" does not require absolute secrecy but applies when a defendant has "superior" knowledge of a defect that is not readily apparent to consumers). Defendant's reliance on *Maketa v. Target Corp.*, 2024 WL 4311702, at *3 (N.D. Cal. Sept. 26, 2024), is unpersuasive. There, plaintiff sought to rely on "constructive knowledge," but Plaintiffs here allege that Defendant, as the designer, manufacturer, distributor, and safety tester of the Products, had *actual* knowledge of their defects: that the Products are composed of polypropylene, which well-documented research supports is highly prone to leaching staggering amounts of harmful microplastics when heated. ECF 30 ¶¶ 28-32.

Plaintiffs, like other reasonable consumers, were unaware of the defect, lacked the expertise to identify it, and would not expect it in Products marketed as safe for children. ECF 30 ¶¶ 16, 25. *See Paperno v. Whirlpool, Inc.*, 2024 WL 1091192, at *3 (N.D. Cal. Mar. 13, 2024) (exclusive

knowledge exists where defendant knew of a defect that was difficult for consumers to discover) (cleaned up) (quoting *Rose v. HP Inc.*, 2020 WL 7714532, at *1 (N.D. Cal. Dec. 29, 2020)). Manufacturers must disclose harmful defects affecting a product's core function. *Daniel v. Ford Motor Co.*, 2016 WL 2899026, at *4-6 (E.D. Cal. May 18, 2016); *Oddo v. United Techs. Corp.*, 2022 WL 577663, at *13-14 (C.D. Cal. Jan. 3, 2022) (publicly available service bulletins did not negate exclusivity when the information was hard for consumers to access). Defendant had superior knowledge of the microplastic risks to infants and failed to disclose this critical information. ECF 30 ¶ 50(c). News articles do not defeat exclusive knowledge claims, as consumers' knowledge is not "on par" with Defendant's. *Clark v. Incomm. Fin. Servs., Inc.*, 2023 WL 5167364, at *6 (C.D. Cal. July 17, 2023); *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1015 (N.D. Cal. 2020) (online availability does not necessarily negate exclusive knowledge).

Defendant also actively concealed the fact that its Products leach harmful microplastics, misleading consumers into believing they were safe for infants and children. ECF 30 ¶ 23. While fully aware of the microplastic risks associated with ordinary use, Defendant marketed its Products as safe and appropriate for young children. *Id.* ¶¶ 3, 6, 25. To further reinforce this deception, Defendant labeled the Products as "BPA FREE," creating the false impression that they were free from harmful plastic byproducts. *Id.* ¶ 6. Courts have found active concealment where a defendant not only fails to disclose material risks but also promotes its product in a manner that misleads consumers. *See, e.g.*, *In re Lindt Sprüngli (USA), Inc.*, 2024 WL 4107244, at *10 (finding active concealment where defendant omitted risks while presenting product as safe). Defendant's conduct fits squarely within this pattern. By suppressing critical information about the microplastic risks posed by its Products and affirmatively marketing them as safe for infants, Defendant actively deceived reasonable consumers and failed to fulfill its duty to disclose material defects. Defendant's reliance on *Kumandan v. Google LLC*, 2022 WL 103551 at *9 (N.D. Cal. Jan. 11, 2022) for the premise that "[m]ere nondisclosure is not enough to show active concealment" (ECF 34 at 16-17) is unavailing. There, the Court found that the plaintiffs had not alleged that Google engaged in active concealment by, e.g., making "affirmative denials" that it would not at times control consumers' home security systems—whereas here, Plaintiffs have alleged that Defendant through its "BPA

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

FREE" label sought affirmatively to conceal the leaching of microplastics, which causes harm similar to BPA, and further mislead consumers into the false sense of security driven by its material omission. . *See* ECF 30 ¶¶ 41-42, 44.

Lastly, the "BPA FREE" claim is a partial representation that independently creates a duty to disclose omitted material information because it misleads consumers to believe the Products are free from harmful plastics, despite leaching microplastics during ordinary use. *See* ECF 30 ¶¶ 6, 13-16, 23, 36, 41, 44-45*; Kulp*, 678 F. Supp. 3d at 1169 (plaintiff had not adequately pled "partial representation" and did "not allege in the [first amended complaint] that she relied on the warning label in any way"). Plaintiffs relied on the "BPA FREE" label, reasonably believing the Products were safe for infants. The label misled Plaintiffs and other consumers to think the Products were free from harmful plastic contaminants. ECF 30 ¶¶ 3, 6, 25, 27. Defendant's reliance on *Hayden*, 2024 WL 1643696, at *7, is misplaced. In *Hayden*, the court found representations such as "Non-GMO," "Gluten-Free," and "Organic" did not reasonably imply the products were free of specific harmful substances such as cadmium and concluded that the statements were insufficient to create an expectation about overall healthfulness. Unlike *Hayden*, where the statements were unrelated to the alleged harm, here "BPA-Free" specifically suggests safety from plastic-related risks. Plaintiffs reasonably interpreted the claim to mean the Products would not release harmful substances like microplastics, the risks of which are similar to those posed by BPA. ECF 30 ¶¶ 3, 6, 25, 27. Moreover, Defendant's Products are marketed and designed for use with infants and toddlers, creating a heightened expectation of safety not present in *Hayden.* Thus, Defendant's representations here are more specific and directly related to the alleged harm.

Furthermore, the FTC's Green Guides warn that "free-of" claims can mislead if the product contains another harm posing similar risks, as leaching microplastics does here. (16 C.F.R. § 260.9(c)). ECF 30 ¶ 39. Defendant's "BPA FREE" label implies safety while concealing microplastic leaching, compromising the Products for babies. *Id.* ¶¶ 13-15, 27. Courts confirm that partial representations create a duty to disclose related information to avoid misleading consumers. *See In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1104 (N.D. Cal. 2021) (disclosure of one product fact creates duty to disclose info needed to avoid misleading consumers).

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

*Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097, 1103–04 (N.D. Cal. 2012), is inapposite. In *Lam*, the plaintiffs argued that a "gluten-free" label misled consumers into believing the product was generally healthy, but they failed to allege any connection between the unhealthy ingredients and gluten itself. Unlike *Lam*, where the alleged deception involved an unrelated health implication, the misrepresentation here concerns the type of harm the "BPA FREE" claim purports to eliminate. *See* ECF 30 ¶¶ 3, 6, 25. This closer connection makes the misleading nature of Defendant's representation more actionable and distinguishes this case from *Lam*. The same is true of Defendant's misplaced reliance on *Brown v. Madison Reed, Inc*., 622 F. Supp. 3d 786, 802 (N.D. Cal. 2022), *aff'd*, 2023 WL 8613496 (9th Cir. Dec. 13, 2023), where the Court held that that a reasonable consumer would not believe a hair color product to be on the whole "healthier, safer, or gentler than other hair color products" because it was advertised as "free of ammonia, resorcinol [and paraphenylenediamine]." Here, Plaintiffs allege that Defendant's representation of the Products as "BPA FREE" connote the absence of a *similar type of risk* the Products actually present rather than much broader health implications. Also, in *Brown*, the defendant disclosed the replacement of ammonia with other harmful ingredients in the ingredients list. 622 F. Supp. 3d at 805. Defendant here makes no such disclosure about microplastics. *See* ECF 30 ¶¶ 3, 6, 25. Additionally, the discussion of the reasonable interpretation of challenged representations in both *Lam* and *Brown* center on the respective plaintiffs' assertions of affirmative misrepresentations, while here Plaintiffs allege that "BPA FREE" serves primarily to further Defendant's deception through material omission. *Id.* ¶¶ 6, 23, 36, 41-42, 44.

### B.    Plaintiffs' Equitable Relief Claims Are Appropriate

Defendant's argument under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), fails for two reasons. Monetary damages cannot address the future harm from Defendant's ongoing deceptive labeling of its Products with the material omission and "BPA FREE" further concealing microplastic leaching. ECF 30 ¶¶ 3, 6, 25. Courts recognize that only injunctive relief can prevent future harm. *See Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021); *Heredia v. Sunrise Senior Living LLC*, 2021 WL 819159, at *8 (C.D. Cal. Feb. 10, 2021). *Sonner* does not bar equitable relief at the pleading stage where Plaintiffs allege the need for both monetary

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

and injunctive remedies. ECF 30 ¶ ¶54; *Nacarino v. Chobani, LLC*, 2022 WL 344966, at *9 (N.D. Cal. Feb. 4, 2022). Courts routinely allow both remedies at this stage, as the adequacy of legal remedies cannot usually be determined on the pleadings. *See Johnson v. Trumpet Behav. Health, LLC*, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022). Plaintiffs' allegations justify injunctive relief to prevent ongoing deception and monetary damages for past harm. *Id.* ¶¶ 5, 8, 27.

### C.    Plaintiffs Have Standing to Seek Injunctive Relief

Defendant's argument that Plaintiffs lack Article III standing to seek injunctive relief ignores controlling Ninth Circuit precedent and the well-pled allegations in the FAC. Under *Davidson v. Kimberly-Clark Corp.*, a previously deceived consumer has standing to seek injunctive relief if they face an "actual or imminent" threat of future harm. 873 F.3d 1103, 1115 (9th Cir. 2017). This includes situations where, as here, consumers cannot rely on product labeling for future purchases.

Plaintiffs allege that they want to purchase the Products again if safe but cannot rely on the accuracy of the labeling due to Defendant's deceptive practices. ECF 30 ¶¶ 13(g), 14(g), 15(g). The continued risk of being misled constitutes a concrete and imminent threat of future harm sufficient to support standing for injunctive relief. *See, e.g.*, *Gagetta v. Walmart, Inc.*, 646 F. Supp. 3d 1164, 1177 (N.D. Cal. 2022) (finding standing where plaintiffs alleged a desire to purchase products in the future but could not do so in an informed manner due to the unreliable labels); *see also Branca v. Bai Brands, Ltd. Liab. Co.*, 2019 WL 1082562, at *13 (S.D. Cal. Mar. 7, 2019) (same). Defendant cites *Renn v. Otay Lakes Brewery, LLC*, 2024 WL 331616, at *8 (S.D. Cal. Jan. 29, 2024), but there the plaintiff failed to allege any intent to repurchase. Plaintiffs here explicitly allege they would buy the Products "if the Products were safe" and  "if the Products' labels allowed [them] to make a fully informed purchase decision." ECF 30 ¶¶ 13(g), 14(g), 15(g). This ongoing inability to make informed purchasing decisions is the type of concrete and imminent harm that satisfies Article III standing requirements.

### D.    Plaintiffs State a Claim under the UCL's Unlawful and Unfair Prongs

Contrary to Defendant's assertions (ECF 34 at 19-20), Plaintiffs adequately allege violations of the UCL under both the "unlawful" and "unfair" prongs. Plaintiffs claim Defendant violated the "unlawful" prong by breaching the FAL, CLRA, and UCL through material omissions about

microplastic risks and misrepresentations that the Products were free from harmful plastics. ECF 30 ¶¶ 99-107. Defendant's reliance on *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021), is misplaced, as Plaintiffs sufficiently allege violations of the FAL and CLRA, including a duty to disclose the unreasonable safety hazard posed by microplastic leaching. ECF 30 ¶¶ 3, 6, 25, 27, 33, 34; *see Hammerling*, 615 F. Supp. 3d at 1085; *Symantec*, 333 F. Supp. 3d at 978. Unlike in *Hayden*, 2024 WL 1643696, at *8, where the court found a failure to allege that the cadmium levels present were at harmful levels, Plaintiffs cite studies showing Defendant's Products release microplastics at levels harmful to infants and young children. ECF 30 ¶¶ 28-31.

Plaintiffs also allege that Defendant violated the CLRA by engaging in "unfair methods of competition" and "deceptive practices," misrepresenting the Products as free of microplastic risks to induce purchases. ECF 30 ¶¶ 3, 54(b), 59(b), 76, 92, 102, 116, 118-128. Defendant's omissions and misrepresentations also contradict the Products' "BPA FREE" label, making them actionable. See *In re Sony Gaming Networks*, 996 F. Supp. 2d at 991; *Burchfield*, 534 F. Supp. 3d at 1202.

Additionally, Plaintiffs adequately allege a violation of the UCL's "fraudulent" prong through the alleged misrepresentations and omissions, which Defendant does not refute (ECF 34 at 13), effectively conceding the issue. ECF 30 ¶¶ 91-98. Under the "unfair" prong, Plaintiffs allege Defendant concealed significant health risks from microplastics leaching during ordinary use and misled consumers with deceptive front-label claims. *Id*. ¶¶ 32, 35-36; *see Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). These allegations establish violations of both the "unlawful" and "unfair" prongs of the UCL. ECF 30 ¶¶ 81-90.

### E.    Plaintiffs State a Breach of Warranty Claim

Plaintiffs have adequately pled breach of implied warranty by establishing the Products are unfit for their ordinary use: safely feeding babies. The Products leach microplastics when heated as directed, fundamentally compromising their essential function and posing health risks to infants. ECF 30 ¶¶ 13-15, 32, 50, 52, 137; *Shalikar v. Asahi Beer U.S.A., Inc.*, 2017 WL 9362139, at *9 (C.D. Cal. Oct. 16, 2017). Regardless, Defendant's argument that breach can only be established by showing the Products are unfit for their ordinary purpose (ECF 34 at 20) is also incorrect. Plaintiffs may also viably plead breach of implied warranty by alleging that the Products fail to conform to

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

promises or affirmations on their label. *Morris v. Mott's LLP*, 2019 WL 948750, at *6 (C.D. Cal. 2019); *Kanfer v. Pharmacare United States, Inc.*, 142 F. Supp. 3d 1091, 1102 (S.D. Cal. 2015) (breach occurs when goods do not conform to label promises); *Johnson-Jack v. Health-Ade LLC*, 587 F. Supp. 3d 957, 978 (N.D. Cal. 2022). Plaintiffs satisfy this standard by alleging that Defendant's "BPA FREE" labeling misleadingly suggests the Products are free from harmful plastics. ECF 30 ¶¶ 134, 142. Plaintiffs have thus adequately pled breach of implied warranty of merchantability under both available grounds.

The same misleading labeling establishes breach of express warranty. A breach is established where "[p]laintiffs adequately allege[] that a reasonable consumer would be misled." *Moore v. EO Prods., LLC*, 2023 WL 6391480, at *8 (N.D. Cal. 2023); *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 469 (S.D.N.Y. 2020) (reasonable consumer could be misled by "Belgium 1926" label). Defendant's claim that "BPA FREE" is factually accurate misses the point, as Plaintiffs allege this "technically true but misleading" claim creates and breaches an express warranty of safety by omitting the presence of harmful microplastics. ECF 30 ¶¶ 2, 6, 23, 36, 41-42, 44, 136.

**F.    Plaintiffs State a Claim for Unjust Enrichment**

Defendant's motion to dismiss Plaintiffs' unjust enrichment claim fails for three reasons: First, Defendant's argument depends entirely on dismissing Plaintiffs' statutory claims. ECF 34 at 20. However, Plaintiffs have sufficiently pled violations of the FAL, CLRA, and UCL. *See* ECF 30, *passim*; *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 989 (N.D. Cal. 2009) (unjust enrichment can depend on predicate violations). Second, Defendant's assertion that monetary damages are sufficient (ECF 34 at 20) ignores Plaintiffs' forward-looking allegations and the need for injunctive relief to address ongoing public harm. The FAC details how monetary damages cannot prevent future harm or remedy consumers' lack of awareness about the microplastic risks in the Products. ECF 30 ¶¶ 16, 54, 80, 115, 131, 141, 149. Injunctive relief is essential to halt Defendant's deceptive practices and protect unsuspecting parents and children. *Id*. Monetary damages alone also cannot dispel the public misperception caused by Defendant's years of unfair, fraudulent, and unlawful marketing. *Id*. ¶¶ 54, 131. Plaintiffs also seek the equitable remedy of restitution for unjust enrichment which the Ninth Circuit has recognized can be plead in the alternative. Lastly,

Defendant's reliance on *Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1033 (N.D. Cal. 2016), is misplaced, as Plaintiffs here purchased from third-party retailers, not directly from Defendant. ECF 30 ¶¶ 13(b), 14(b), 15(b). Under California law, express warranties can exist without vertical privity if consumers rely on labels, as here. *Clemens v. DaimlerChrysler Corp.*, 530 F.3d 852, 858 (9th Cir. 2008) (citing *Burr v. Sherwin Williams Co.*, 268 P.2d 1041, 1048-49 (Cal. 1954)). Plaintiffs can pursue both express warranty and unjust enrichment claims concurrently. *Sue Shin v. Sanyo Foods Corp. of Am.*, 2024 WL 4467603, at *1, 4, n.3 (C.D. Cal. Aug. 13, 2024).

### G.    Plaintiffs Have Standing to Pursue Unpurchased Products

The Court should reject Defendant's argument that Plaintiffs lack standing to assert claims for products they did not personally purchase, as all the Products are substantially similar in design, purpose, alleged defect, misrepresentation, material omission, and health risks. ECF 30 ¶ 53; *See Morgan v. Apple Inc.*, 2018 WL 2234537, at *9 (N.D. Cal. May 16, 2018) (under California law, plaintiffs may assert claims for unpurchased products that are "substantially similar" to the ones purchased); *Morales v. Unilever U.S., Inc.*, 2014 WL 1389613, at *4 (E.D. Cal. Apr. 9, 2014) (products are "substantially similar" if same type, similar composition, and have same mislabeling).

Defendant's reliance on *Holt v. Foodstate, Inc.*, 2016 WL 4625550, at *2 (S.D. Cal. Sept. 6, 2016), is misplaced, as Plaintiffs allege the Products serve the same function, share a "meaningful commonality as to ingredients [and] packaging," and are uniformly mislabeled as "BPA FREE." ECF 30 ¶¶ 8, 24. *Shank v. Presidio Brands, Inc.*, 2018 WL 510169, at *7 (N.D. Cal. Jan. 23, 2018) (similar mislabeling supports substantial similarity). All Products are also exposed to heat during use or cleaning, leach microplastics in all cases, and Plaintiffs seek identical remedies. ECF 30 ¶¶ 28-30, 32, 53, 79-80, 89-90, 97-98, 106-107, 115, 130-132, 141-142, 149-150; *Ang v. Bimbo Bakeries USA, Inc.*, 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014) (standing when claims for purchased and unpurchased products are resolved identically).

### V.    CONCLUSION

Plaintiffs respectfully request that the Court deny Defendant's motion or grant leave to amend any pleading defects. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (Ninth Circuit applies a policy of "extreme liberality" in granting leave to amend).

Date: November 26, 2024                    **CLARKSON LAW FIRM, P.C.**

By: *  /s/ Alan Gudino  *
        Ryan J. Clarkson
        Bahar Sodaify
        Alan Gudino
        Samuel M. Gagnon

        *Attorneys for Plaintiffs*

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265