Cortlin H. Lannin (SBN 266488)
Raymond G. Lu (SBN 324709)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email:  clannin@cov.com
Email: rlu@cov.com

Megan L. Rodgers (SBN 310344)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA  94306
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800
Email: mrodgers@cov.com

*Attorneys for Defendant Philips North America LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TULIISA MILLER, ADRIANNA CORTEZ, and BRIAN MAGADAN, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>         v.<br><br>PHILIPS NORTH AMERICA LLC,<br><br>                              Defendant. | Civil Case No.: 3:24-cv-03781-RFL<br><br>**DEFENDANT PHILIPS NORTH AMERICA LLC'S REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**<br><br>Date: May 13, 2025<br>Time: 10:00 a.m.<br>Location: Courtroom 15<br>Judge: Hon. Rita F. Lin |

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT ........................................................................................................2

        A.      Philips Seeks Certification of a Controlling Question of Law. ....................................2

        B.      Substantial Grounds for Difference of Opinion Exist.......................................................4

        C.      Interlocutory Review May Materially Advance the Ultimate Termination of the
                Litigation..................................................................................................................9

III.    CONCLUSION.....................................................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
   465 F.3d 946 (9th Cir. 2006) ...................................................4

*Barrett v. Apple Inc.*,
   2022 WL 2119131 (N.D. Cal. June 13, 2022) ...................................................4

*Barton v. Procter & Gamble Co.*,
   --- F.Supp.3d ----, 2025 WL 486180 (S.D. Cal. Feb. 13, 2025) ...................................................5, 6

*Brickman v. Facebook, Inc.*,
   2017 WL 1508719 (N.D. Cal. Apr. 27, 2017) ...................................................5

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1982) ...................................................3

*Clevenger v. Riviana Foods Inc.*,
   2020 WL 2527948 (C.D. Cal. Apr. 7, 2020) ...................................................4, 7, 10

*Daly v. The Wonderful Company, LLC*,
   2025 WL 672913 (N.D. Ill. Mar. 3, 2025) ...................................................7

*Doe 1 v. Github, Inc.*,
   2024 WL 4336532 (N.D. Cal. Sept. 27, 2024) ...................................................10

*Finder v. Leprino Foods Co.*,
   2016 WL 4095833 (E.D. Cal. Aug. 1, 2016),
   *aff'd and remanded*, 2022 WL 2167791 (9th Cir. June 12, 2022) ...................................................9

*Gonzalez v. San Francisco Hilton, Inc.*,
   2023 WL 8438574 (N.D. Cal. Dec. 5, 2023) ...................................................10

*Grausz v. Hershey Co.*,
   713 F. Supp. 3d 818 (S.D. Cal. 2024) ...................................................8

*In re Hain Celestial Heavy Metals Baby Food Litig.*
   2024 WL 5239510 (E.D.N.Y. Dec. 27, 2024) ...................................................8, 9

*Hammerling v. Google LLC*,
   615 F. Supp. 3d 1069 (N.D. Cal. 2022) ...................................................5

*Hayden v. Bob's Red Mill Nat. Foods, Inc.*,
   2024 WL 1643696 (N.D. Cal. Apr. 16, 2024) ...................................................2, 8

*Krystofiak v. BellRing Brands, Inc.*,
   737 F. Supp. 3d 782 (N.D. Cal. 2024) ........................................................................6

*Lopez v. Mead Johnson Nutrition Co.*,
   2025 WL 895213 (N.D. Cal. Mar. 24, 2025) ..........................................................5, 9

*Los Angeles Lakers, Inc. v. Fed. Ins. Co.*,
   637 F. Supp. 3d 801 (C.D. Cal. 2022) ......................................................................10

*Lowe v. Edgewell Pers. Care Co.*,
   711 F. Supp. 3d 1097 (N.D. Cal. 2024) ......................................................................6

*Martin v. Doctor's Best, Inc.*,
   2023 WL 6370230 (C.D. Cal. Aug. 25, 2023) ............................................................6

*Miller v. Yokohama Tire Corp.*,
   358 F.3d 616 (9th Cir. 2004) ......................................................................................3

*Onaka v. Shiseido Americas Corp.*,
   2023 WL 2663877 (S.D.N.Y. Mar. 28, 2023) ............................................................5

*Rieve v. Coventry Health Care, Inc.*,
   870 F. Supp. 2d 856 (C.D. Cal. 2012) ........................................................................2

*Rodriguez v. Mondelez Glob. LLC*,
   703 F. Supp. 3d 1191 (S.D. Cal. 2023).......................................................................8

*Stiner v. Brookdale Senior Living, Inc.*,
   383 F. Supp. 3d 949 (N.D. Cal. 2019) ......................................................................10

*In re Trader Joe's Co. Dark Chocolate Litig.*,
   726 F. Supp. 3d 1150 (S.D. Cal. 2024)................................................................2, 7, 8

*Tubbs v. AdvoCare Int'l, LP*,
   2017 WL 4022397 (C.D. Cal. Sept. 12, 2017) ..........................................................6

## I.    INTRODUCTION

Plaintiffs' Opposition strives mightily to characterize Philips' Motion as implicating a "fact-bound inquiry" specific to this case that is unsuitable for interlocutory appeal.  Opp. at 1.  Not so.  The question presented is not whether Plaintiffs have pled *enough* facts to state a viable material omission claim.  This is a question about the *types* of facts that Plaintiffs must allege to state such a claim—in other words, the applicable pleading standard.  That is a purely legal question that is ripe for interlocutory review, and the Court's Order should be certified.

*First*, the Court's Order raises a controlling question of law as to whether plaintiffs can plead an unreasonable safety hazard without alleging product-specific testing or a specific threshold at which a contaminant poses harm.  Plaintiffs insist that this is a fact-bound question unique to the allegations in this case, Opp. at 1, but they offer no meaningful response to the decisions cited by Philips establishing that this is a *pleading standard* that governs this category of material omission claims.  Nor do Plaintiffs explain why resolving this issue would require a court to delve into the record, given that they concede the Second Amended Complaint ("SAC") does not plead the allegations required to meet this standard.[1]

*Second*, there is substantial ground for difference of opinion on this issue because numerous courts have expressly disagreed with the pleading standard that this Court adopted in its Order.  Plaintiffs try to paper over these differences by characterizing them as the application of settled law to distinct fact patterns, but the plain language of these decisions shows otherwise.  The bottom line is that courts remain sharply divided on the pleading standard for material omission claims like the ones at issue here.

*Finally*, appellate review would "materially advance" the litigation because a reversal by the Ninth Circuit would result in the dismissal of Plaintiffs' remaining claims.  This Court need not credit Plaintiffs' speculation that they would be granted leave to amend, especially where they have already amended twice, and in any event, Plaintiffs cite no authority to show that the possibility of further amendment precludes interlocutory review.  Obtaining clarity from the Ninth Circuit would speed the resolution of not only this case but many other cases involving similar allegations of undisclosed contaminants.

---

[1] Plaintiffs filed a First Amended Complaint in response to Philips' original motion to dismiss.  *See* ECF No. 30.  At the Court's direction, *see* ECF No. 46 at 9–10, Plaintiffs filed a Second Amended Complaint that amended the allegations with respect to their claim for injunctive relief.  *See* ECF No. 50.

II.     **ARGUMENT**

    A.     **Philips Seeks Certification of a Controlling Question of Law.**

Plaintiffs contend that the Court's Order raises a "fact-intensive inquiry" (Opp. at 5) that does not present a purely legal issue or materially affect the outcome of the litigation. They are wrong on both counts.

*First*, the question that Philips seeks to certify for interlocutory review does not "turn on factual analysis" specific to the allegations and studies cited in the SAC. *Id.* To the contrary, the Court's Order raises a purely legal question concerning the pleading standard for a material omission claim: namely, whether a plaintiff who alleges an unreasonable safety hazard based on a challenged substance must also allege "test[ing] [of] the *specific products* at issue in the case—i.e., those manufactured by Defendant" and "the specific level at which [the challenged substance] pose[s] a danger to the sensitive population." Order at 5. Plaintiffs attempt to reduce this inquiry to the "application of facts to law," Opp. at 5, but courts have made clear that a plaintiff's failure to satisfy this standard "is not a factual dispute; it is a *pleading deficiency*." *In re Trader Joe's Co. Dark Chocolate Litig.*, 726 F. Supp. 3d 1150, 1170 (S.D. Cal. 2024) (emphasis added) (dismissing material omission claim and rejecting plaintiffs' argument "that whether the presence of these Heavy Metals makes them an unreasonable safety hazard is a hotly contested fact issue"); *see also Hayden v. Bob's Red Mill Nat. Foods, Inc.*, 2024 WL 1643696, at *8 (N.D. Cal. Apr. 16, 2024) (plaintiffs could not plead misrepresentation or omission claim "under the applicable Rule 9(b) standard" absent "allegations explaining why cadmium poses a health threat *at the levels that it appears in the Products*").

There is no dispute that Plaintiffs have alleged neither testing of the Avent Products nor a particular threshold at which microplastics pose harm to infants. In contrast to the cases cited by Plaintiffs, *see* Opp. at 5, determining whether Plaintiffs can state a material omission claim would not "necessitate a detailed inquiry into the record." *Cf. Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012) (whether nurse was subject to exemption under overtime law was not pure legal question because analysis would "necessitate a detailed inquiry into the record").

Plaintiffs argue that Philips' authorities are distinguishable because they involved "legal questions that could be resolved without considering any factual context."  Opp. at 6.  But there, as here, the issues certified for appeal involved disputes over the pleading standard for claims on a motion to dismiss.  In *Sonos, Inc. v. Google LLC,* for instance, the court certified for interlocutory review the "ground rules" it articulated for "pleading willfulness and indirect infringement" for patent claims.  591 F. Supp. 3d 638, 649 (N.D. Cal. 2022).  And in *Best Carpet Values, Inc. v. Google LLC*, the court certified questions concerning the viability of claims for trespass to chattels, unlawful conduct under California's UCL, and unjust enrichment.  2022 WL 22843012, at *2 (N.D. Cal. May 2, 2022).  Here, likewise, the Court's Order raises a straightforward legal question about the "ground rules" for pleading a material omission claim based on an unreasonable safety hazard theory.  *See Sonos*, F. Supp. 3d at 649.  This is precisely the type of controlling question of law which courts have found appropriate for interlocutory review.  *Id.*

*Second*, the resolution of the question presented would not only "materially affect" the outcome of the litigation, but also would likely dispose of Plaintiffs' remaining claims.  *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  Plaintiffs argue that an interlocutory appeal would not materially affect the outcome of the litigation because they "would almost certainly be granted leave to amend" their material omission allegations.  Opp. at 6.  As an initial matter, this is a clear concession that the SAC would not survive dismissal under a clarified pleading standard.  Moreover, Plaintiffs have already had multiple opportunities to plead such allegations and have not done so.  In its motion to dismiss the initial complaint, Philips highlighted Plaintiffs' failure to allege testing of the Avent Products or even an approximate threshold at which microplastics pose risks to infant health.  *See* ECF No. 23 at 7–9.  In response, Plaintiffs filed a First Amended Complaint ("FAC") that cited to a litany of purportedly "new" studies on microplastics, but did not cure these deficiencies.  *See* ECF No. 30 at 17–28.  Following this Court's Order, Plaintiff filed the SAC to plead new allegations in support of their request for injunctive relief, but did not seek leave to allege product-specific testing or a threshold of harm for microplastic exposure.  And at no point have Plaintiffs indicated that they would be able to plead such allegations.  It is well-established that a district court has "particularly broad" discretion to deny leave to amend when a "plaintiff has previously filed an amended complaint," *see Miller v. Yokohama Tire Corp.*, 358 F.3d 616,

622 (9th Cir. 2004), and "need not grant leave to amend where the amendment . . . is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 951 (9th Cir. 2006). In the event of a Ninth Circuit reversal, dismissal without leave to amend would be entirely appropriate, given Plaintiffs' apparent inability to plead allegations that would satisfy the clarified pleading standard for a material omission. *Barrett v. Apple Inc.*, 2022 WL 2119131, at *12 (N.D. Cal. June 13, 2022) ("Because the Court has already afforded Plaintiffs an opportunity to amend their fraud claims, the Court finds that further leave to amend would be futile and dismisses the fraud claims under the CLRA, UCL, and FAL with prejudice").

In any event, Plaintiffs cite no authority for the proposition that a legal issue that would otherwise result in dismissal of the case is not "controlling" if it can be cured by amending the complaint. Nor could they. If that were the case, an order on a motion to dismiss could never be certified under § 1292(b), because a plaintiff could simply seek—and be granted—leave to amend to plead new allegations. Opp. at 6. This would preclude interlocutory review even in cases where, as Plaintiffs concede, the question presented is "purely legal" and capable of "conclusively resolving the litigation without further factual development or amendment." *Id.* (citing *Mehedi v. View, Inc.*, 2024 WL 3748012 (N.D. Cal. Aug. 8, 2024) and other cases). That is not the law.

Indeed, courts routinely grant 1292(b) motions to certify questions concerning the pleading standard on a motion to dismiss, including mislabeling claims brought by consumers. *See, e.g.*, *Clevenger v. Riviana Foods Inc.*, 2020 WL 2527948, at *3 (C.D. Cal. Apr. 7, 2020) (certifying question as to whether plaintiffs who bring mislabeling claims based on non-functional slack fill must "allege that the packaging misled them or caused them to make a purchase they would not have made otherwise"). Certification is also appropriate here, given the "vast amount of resources being consumed in the district courts" regarding the same legal question raised by this Court's Order. *See Sonos*, 591 F. Supp. 3d at 649 (granting motion to certify for interlocutory review and recognizing the "vast amount of resources being consumed in the district courts" regarding the pleading standard for patent infringement claims).

## B.    Substantial Grounds for Difference of Opinion Exist.

Plaintiffs attempt to artfully recast disputes regarding the operative pleading standard for a material omission claim as mere "disagreement over how courts apply settled law," Opp. at 2, and argue that the

Court's decision reflects a fact-specific application of "well-established pleading requirements," *id.* at 11, but nowhere do they identify *controlling* law on whether a plaintiff who brings a material omission claim based on an unreasonable safety hazard must allege product-specific testing or a threshold at which a contaminant causes harm.  There is none.  Numerous courts, including Judge Gilliam as recently as two weeks ago, "have, in fact, disagreed" with the pleading standard that this Court adopted in denying the motion to dismiss.  *See Brickman v. Facebook, Inc.*, 2017 WL 1508719, at *3 (N.D. Cal. Apr. 27, 2017); *see also* ECF No. 52 ("Mot.") at 6–9 (citing district court opinions from the Ninth, Second, and Seventh Circuits); *see also Lopez v. Mead Johnson Nutrition Co*., 2025 WL 895213, at *8 (N.D. Cal. Mar. 24, 2025) (Gilliam, J.,) (rejecting omission claim where plaintiff failed to "indicate the thresholds at which particular substances pose a danger to human health").  Indeed, courts recognize that the law on the pleading standard for a material omission claim "is marked by general disarray."  *See Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1085 (N.D. Cal. 2022).

*First*, there is substantial ground for difference of opinion on whether a plaintiff must allege testing of "the *specific product*s at issue in the case—i.e., those manufactured by Defendant" to plead a material omission claim based on a contaminant.  Order at 5.  In holding that such testing was unnecessary because studies of "similar polypropylene products" from other brands "provide[d] sufficient circumstantial evidence to infer" the amount of microplastics that the Avent Product would release, *id*., this Court disagreed with courts in this and other Circuits.  *See* Mot. at 6–8 (collecting cases); *see also Onaka v. Shiseido Americas Corp.*, 2023 WL 2663877, at *5 (S.D.N.Y. Mar. 28, 2023) ("[C]ourts repeatedly emphasize that the third-party testing or investigation must address misbranding *at least by the same manufacturer at issue in plaintiffs' case.")* (emphasis added) (collecting cases).  The cases that Plaintiffs cite are not controlling and simply confirm that courts are divided on this issue.  *See* Opp. at 6.

Plaintiffs misread *Barton* in arguing that the decision "did not require product-specific testing but instead dismissed the complaint due to missing details about the testing."  Opp. at 9 (citing *Barton v. Procter & Gamble Co*., --- F.Supp.3d ----, 2025 WL 486180 (S.D. Cal. Feb. 13, 2025).  In *Barton*, plaintiffs brought omission claims based on allegations that defendant's tampons contained lead, citing tests of one of the three sizes in which the tampons were sold and a study showing "measurable

concentrations" of lead "in 30 tampons produced by 14 tampon brand manufacturers." *Barton*, 2025 WL 486180, at \*4, \*8.  The court rejected those tests as insufficient, holding that "[t]o plausibly allege a presence of harmful substance claim, Plaintiffs are required to allege facts that testing disclosed presence of such substances *in the accused product purchased*." *Id*. at \*8 (emphasis added).  Critically, the allegations of testing that the court found inadequate were *more* specific than the ones pled in the SAC, which relies on a single study of ten, unidentified polypropylene baby bottles to allege the quantities of microplastics leached by the Avent Products.  *See* Mot. at 6; *see also* ECF No. 35-8 at 4 (Li *et al.*).  Far from supporting Plaintiffs' argument that the results of one study can be extrapolated to the Avent Products because the bottles share the "inherent chemical properties of polypropylene" (Opp. at 9), the *Barton* court rejected testing conducted on differently-sized versions *of the same product manufactured by the defendant.*  2025 WL 486180, at \*8.[2]

Plaintiffs argue that other authorities cited by Philips in support of product-specific testing are "inapposite" because they did not "address[] a duty to disclose arising from an unreasonable safety hazard."  Opp. at 9.  But as Plaintiffs cannot dispute, those decisions addressed misrepresentation claims for deceptive labeling or false advertising under the same consumer protection laws at issue here. *Compare* SAC ¶¶ 68–132 (pleading misrepresentation and material omission claims under UCL, FAL, and CLRA based on allegedly deceptive label), *with Krystofiak v. BellRing Brands, Inc*., 737 F. Supp. 3d 782, 794 (N.D. Cal. 2024) (same).[3]  To determine whether a substantial ground for differing opinion exists, a court need only analyze decisions involving claims and allegations that are "analogous" to the

---

[2] Plaintiffs' assertion that the risks of microplastic shed from polypropylene "appl[y] uniformly across all of Defendant's Products," Opp. at 9, is further belied by the study they cite, which found that some baby bottles released *twelve times* more microplastics than others, despite being made of the same material.  *See* ECF No. 35-8 at 4 (finding that unnamed baby bottles released 1.31 million to 16.2 million microplastic particles).

[3] *See also Lowe v. Edgewell Pers. Care Co*., 711 F. Supp. 3d 1097, 1104 (N.D. Cal. 2024) (pleading misrepresentation claims for allegedly deceptive label under the UCL, FAL, CLRA)*; Martin v. Doctor's Best, Inc.*, 2023 WL 6370230, at \*6 (C.D. Cal. Aug. 25, 2023) (pleading misrepresentation claim for allegedly misleading labeling and advertising under CLRA); *Tubbs v. AdvoCare Int'l, LP*, 2017 WL 4022397, at \*6 (C.D. Cal. Sept. 12, 2017) (pleading misrepresentation claims for allegedly deceptive advertising under UCL, CLRA, and other authorities).

1  ones for which interlocutory review is sought.  *See, e.g.*, *Clevenger*, 2020 WL 2527948, at *3-4

2  (recognizing substantial ground for differing opinion on the standing requirements for claims alleging

3  violations of laws against non-functional slack fill, based on "analogous" mislabeling cases involving

4  other consumer products).  The decisions that Plaintiffs ask this Court to ignore are, at a minimum,

5  "analogous" to the present case.  *Id.*

6  Plaintiffs' attempt to distinguish *Daly v. The Wonderful Company, LLC*, 2025 WL 672913 (N.D.

7  Ill. Mar. 3, 2025) is similarly unavailing.  There, plaintiffs alleged that Fiji water contained undisclosed

8  microplastics based on studies that found 93 percent of bottled water from eleven other brands "showed

9  signs of microplastic contamination in varying degrees," and that such contamination could result from

10  twisting the bottle lid open and shut.  *Id.* at *1, *6.  The court rejected both studies as insufficient,

11  observing that while "[i]t would perhaps be sufficient if plaintiffs had cited to relatively contemporaneous

12  tests of other bottles of Fiji Water (whether opened or unopened), [] that is not what they have done." *Id.*

13  at *6.  Under this logic, the studies on which Plaintiffs rely would also be "irrelevant to the product[s] at

14  issue," Opp. at 9, because Plaintiffs do not allege that the Avent Products were among the unnamed baby

15  bottles that were tested.  *Daly*, 2025 WL 672913, at *6 (rejecting study where "plaintiffs [did] not allege

16  that Fiji Water bottles were tested").

17  *Second*, substantial ground for difference of opinion exists as to whether Plaintiffs are "required

18  to allege the specific level at which microplastics pose a danger to the sensitive population."  Order at 5.

19  Plaintiffs contend that this Court correctly applied *Trader Joe's* by holding that such allegations were

20  unnecessary to plead an unreasonable safety hazard, which Plaintiffs could instead demonstrate by

21  alleging harms from the bioaccumulation of microplastics.  Opp. at 10–11 (citing *In re Trader Joe's*, 726

22  F. Supp. 3d at 1170).  But this holding cannot be reconciled with the language of *Trader Joe's*, which

23  found that the plaintiffs had failed to allege "whether these Heavy Metals are unreasonably hazardous *at

24  the particular levels in the specific Products at issue in this case.*" 726 F. Supp. 3d at 1170 (emphasis

25  added).  The court reached this outcome despite being presented with substantially identical allegations

26  of health risks from bioaccumulation as the ones that Plaintiffs pled.  *Id.* (alleging that "Heavy Metals

27

28

accumulate, [that] even small amounts can lead to health issues with long term exposure; and that no amount of lead is safe and that even low levels of cadmium can be harmful").

Other courts have taken the same approach in dismissing material omission claims based on allegations that a contaminant is unsafe "in any amount." *See Rodriguez v. Mondelez Glob. LLC,* 703 F. Supp. 3d 1191, 1208, 1210 (S.D. Cal. 2023) (allegations that "no amount of lead is safe and even low levels of cadmium can cause health concerns" were insufficient to establish that safety hazard was "*unreasonable*"); *accord Grausz v. Hershey Co.*, 713 F. Supp. 3d 818, 828 (S.D. Cal. 2024). Given the similarities in the allegations pled, applying the same standard here would also lead to dismissal for "fail[ure] to articulate a clear nexus" between the levels of microplastics allegedly found in the Avent Products and the "asserted health risks" to infants. Opp. at 10.

Plaintiffs' effort to minimize the many cases that reached the same conclusion as *Trader Joe's* simply reinforces the extent of the disagreement among courts on this issue. Plaintiffs mischaracterize *Hayden* by claiming that the plaintiffs there relied "solely on a single Proposition 65 limit" in alleging safety risks from cadmium in flaxseed. Opp. at 10. In reality, the plaintiffs in *Hayden* not only alleged the amount of cadmium in the defendant's flaxseed based on product-specific testing, but also "cited scientific studies" regarding the purported harms of cadmium to human health. *Hayden*, 2024 WL 1643696 at *8. The court nevertheless dismissed the material omission claim, finding that the plaintiffs failed to plead allegations "explaining why cadmium poses a health threat *at the levels that it appears in the Products*." *Id.* That reasoning would compel dismissal here, where Plaintiffs have not alleged product-specific testing, much less "a standard for what constitutes 'high'" levels of microplastics that would harm human health. *Id*.

Plaintiffs fare no better in distinguishing *In re Hain Celestial Heavy Metals Baby Food Litig*. 2024 WL 5239510, at *12 (E.D.N.Y. Dec. 27, 2024). Plaintiffs contend that the plaintiffs in *Hain* "did not allege what concentrations of heavy metals would actually be unsafe for infants to consume[,]" Opp. at 10–11, but the SAC suffers from the same deficiency. Despite pleading "broad allegations" that microplastics in the Avent Products are "toxic," Plaintiffs "do not reference any specific guidelines or limits what constitutes a 'dangerous' level of [the] contaminants that are specific to baby food products[.]"

*Hain*, 2024 WL 5239510, at *11 (plaintiffs' failure to allege "safety threshold" for heavy metals in baby food was "fatal" to material omission claim).

Nor is *Hain* the only instance where courts have rejected material omission claims involving alleged contaminants in baby food on these grounds. *See, e.g.*, *Lopez*, 2025 WL 895213, at *8 (plaintiff did not plausibly allege unreasonable safety hazard from heavy metals in baby formula where complaint failed to "indicate the thresholds at which particular substances pose a danger to human health"). Notably, the court in *Lopez* granted dismissal notwithstanding the plaintiffs' allegation that "the accumulation of heavy metals and even trace amounts affect the infant or child's health." *Id*. These decisions are inconsistent with any argument that plaintiffs are "not required to allege a more precise threshold level at which [a challenged substance] cause harm" whenever "experts [] sound the alarm" about potential health risks to infants. Opp. at 10.

Because the differences between this Court's opinion and the decisions described above reflect fundamental disagreements about the legal standard for pleading a material omission claim, this Court should certify its Order for interlocutory appeal.

## C. Interlocutory Review May Materially Advance the Ultimate Termination of the Litigation.

As explained, whether Plaintiffs must allege product-specific testing and a threshold at which microplastics harm human health presents a controlling question of law that would be dispositive as to Plaintiffs' only remaining claims. *See supra* at 2-4; Mot. at 9–10. Plaintiffs do not dispute that a Ninth Circuit reversal on this question would result in the dismissal of this case. As Plaintiffs' own authorities make clear, this is more than sufficient to "materially advance [the] litigation." *Finder v. Leprino Foods Co.*, 2016 WL 4095833, at *4 (E.D. Cal. Aug. 1, 2016), *aff'd and remanded*, 2022 WL 2167791 (9th Cir. June 12, 2022) ("[T]o materially advance litigation it is sufficient remove a set of claims against defendants in the lawsuit; it need not remove all of the claims."). As discussed above (*supra* at 3–4), this Court need not credit Plaintiffs' speculation that they would be granted leave to amend.

Plaintiffs' argument that an interlocutory appeal would "cause unnecessary delay and expense" has it exactly backwards. Opp. at 12. Given that the litigation is still at an early stage, obtaining the Ninth

Circuit's guidance on this dispositive issue would speed the resolution of this case and conserve party and judicial resources. *See Clevenger,* 2020 WL 2527948, at *5 (interlocutory review of order on motion to dismiss mislabeling claim would materially advance litigation because the "parties should not have to wait until the class certification stage to receive clarity as to the appropriate standard for Plaintiffs' pleading"). The cases that Plaintiffs cite are inapposite. *See Stiner v. Brookdale Senior Living, Inc.,* 383 F. Supp. 3d 949, 958 (N.D. Cal. 2019) (interlocutory appeal of order would not materially advance litigation because "other claims are still pending and litigation would go forward regardless"); *Gonzalez v. San Francisco Hilton, Inc.*, 2023 WL 8438574, at *2 (N.D. Cal. Dec. 5, 2023) (interlocutory review of order on summary judgment would not materially advance litigation where "the remainder of the case prior to 2015 would still have to be tried and this case has already been pending before this Court for nearly ten years").

Finally, Plaintiffs do not deny that obtaining guidance on the pleading standard for a material omission claim would provide guidance for other contaminant cases now pending in this Circuit—or that are likely coming soon. *See* Mot. at 2, 10; *see also Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 637 F. Supp. 3d 801, 805 (C.D. Cal. 2022) (certifying interlocutory review of question "bear[ing] significantly on the resolution of this case, and the large number of nearly identical cases that are, currently, being litigated within the Ninth Circuit"). Because appellate review would "materially advance not only this particular case, but others in the Circuit raising the same issue[,]" this Court should certify its Order for interlocutory appeal. *Doe 1 v. Github, Inc.*, 2024 WL 4336532, at *2 (N.D. Cal. Sept. 27, 2024).

## III.    CONCLUSION

This Court should certify its February 20, 2025 Order Granting in Part and Denying in Part Philips' Motion to Dismiss (ECF No. 46) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) to address the following question: Is a plaintiff asserting a claim under the UCL, FAL, and CLRA for a material omission based on the alleged presence of unsafe contaminants in a product required to plead with specificity both the amount of a contaminant the challenged product contains and the level at which exposure to that contaminant would create an unreasonable safety hazard?

DATED:  April 9, 2025                              Respectfully submitted,


                                                  By: */s/ Cortlin H. Lannin*
                                                  Cortlin H. Lannin (SBN 266488)
                                                  Raymond G. Lu (SBN 324709)
                                                  COVINGTON & BURLING LLP
                                                  Salesforce Tower
                                                  415 Mission Street, Suite 5400
                                                  San Francisco, California 94105-2533
                                                  Telephone: + 1 (415) 591-6000
                                                  Facsimile: + 1 (415) 591-6091
                                                  Email:  clannin@cov.com
                                                  Email:  rlu@cov.com

                                                  Megan L. Rodgers (SBN 310344)
                                                  COVINGTON & BURLING LLP
                                                  3000 El Camino Real
                                                  5 Palo Alto Square, 10th Floor
                                                  Palo Alto, CA  94306
                                                  Telephone: + 1 (650) 632-4700
                                                  Facsimile: + 1 (650) 632-4800
                                                  Email: mrodgers@cov.com

                                                  *Attorneys for Defendant Philips North*
                                                  *America LLC*

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO CERTIFY UNDER 28 U.S.C. § 1292(b)
Case No.: 3:24-cv-03781-RFL