UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TULIISA MILLER, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>PHILIPS NORTH AMERICA LLC,<br><br>      Defendant. | Case No. 24-cv-03781-RFL<br><br>**ORDER DENYING MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 52 |

      Plaintiffs Tuliisa Miller, Adrianna Cortez, and Brian Magadan ("Plaintiffs") brought this class action lawsuit against Philips North America LLC ("Defendant"), alleging that Defendant misleadingly markets and advertises its products—baby and infant bottles and cups—to maximize profits and gain an unfair advantage over its competitors. In relevant part, Plaintiffs allege that Defendant failed to disclose that its products leach toxic microplastics when used as directed, which implies to customers that the products contain no harmful plastic byproducts. On February 20, 2025, the Court granted in part and denied in part Defendant's motion to dismiss. (Dkt. No. 46.) Now, Defendant moves for certification for interlocutory appeal. For the reasons stated below, the motion is **DENIED**. This order assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

      Requests for certification for interlocutory appeal are granted only in exceptional circumstances. Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The party making the request bears the burden of demonstrating that these requirements have been met. *Couch v. Telescope*

1

*Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

  Defendant argues that a substantial ground for difference of opinion exists on the following question as to warrant certification for interlocutory appeal: "Is a plaintiff asserting a claim under the UCL, FAL, and CLRA for a material omission based on the alleged presence of unsafe contaminants in a product required to plead with specificity both the amount of a contaminant the challenged product contains and the level at which exposure to that contaminant would create an unreasonable safety hazard?" (Dkt. No. 52 at 6.)[1]  However, the cases cited by Defendant do not support the notion that, in all circumstances, a plaintiff must allege such facts in order to state a claim.  For example, in its motion for certification for interlocutory appeal, Defendant cites *Barton v. Procter & Gamble Co.*, No. 24-cv-01332, 2025 WL 486180 (S.D. Cal. Feb. 13, 2025), for the proposition that to establish a harmful substance claim, a plaintiff must "allege facts that testing disclosed [the] presence of such substances in the accused product purchased." *Id.* at *8.  But *Barton* does not hold that to state a plausible claim, a plaintiff must test the specific product at issue.  To the contrary, *Barton* states that "to the extent that Plaintiffs have failed to test the light and regular [tampon] Products purchased by the Plaintiffs, Plaintiffs are required to either test these Products or explain why extrapolation of the super Pearl and Radiant [tampon test] results is appropriate." *Id.* at *8.  Here, by contrast, Plaintiffs plausibly established that "studies that measure microplastic release rates of similar polypropylene products provides sufficient circumstantial evidence to infer that similar rates of release occur during the course of use of Defendant's Products" because polypropylene is a standard material that possesses standard chemical properties—meaning that testing results for other similar products may be plausibly extrapolated to apply to the products at issue in the case. (Dkt. No. 46 at 5.)  Therefore, the principles applied in the motion to dismiss order do not substantially depart from the conclusions articulated by other courts on this issue.

  Additionally, Defendant argues that Plaintiffs must plead with specificity the particular

---

[1] Citations to page numbers refer to the ECF pagination.

level at which exposure to the contaminant would create an unreasonable safety hazard. Yet no case Defendant cites imposes that specific requirement. Those cases instead recognize that, while a plaintiff "may not be able to pinpoint a specific level at which these Products would become an unreasonable safety hazard or unfit for human consumption, they have to at least provide some connection between the general harms possible from [the contaminants] and the levels of [the contaminants] in these Products." *In re Trader Joe's Co. Dark Chocolate Litig.*, 726 F. Supp. 3d 1150, 1170 (S.D. Cal. 2024). That is the same conclusion reached in the order on the motion to dismiss in this case. As previously explained, the pleading standard is not so much focused on a plaintiff's ability to allege the particular level at which the safety hazard occurs, but instead, requires a plaintiff to establish a plausible *connection* between the harms that flow from a hazardous substance's existence and the particular levels alleged.

Moreover, any remaining question as to what a plaintiff is required to plead to plausibly state a claim is not the type of controlling legal question suitable for interlocutory appeal. In each case, plaintiffs may be required to plead different facts to plausibly allege that an unreasonable safety hazard exists. That determination varies based on each case's unique factual circumstances, and does not constitute a threshold legal issue on which district courts have disagreed and that would benefit from swift resolution on appeal.

For the reasons stated above, interlocutory appeal is not appropriate, nor would it materially advance the ultimate termination of this litigation. The motion for certification for interlocutory appeal is denied.

**IT IS SO ORDERED.**

Dated: April 28, 2025

RITA F. LIN<br>
United States District Judge